UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


TONYA C. ALSTON,

        Plaintiff,

v.                              CASE No. 8:05-CV-1654-T-27TGW

MICHAEL J. ASTRUE,
Commissioner of Social Security,[1]

        Defendant.

_____


## REPORT AND RECOMMENDATION

The plaintiff in this case seeks judicial review of the denial of her claims for Social Security disability benefits and supplemental security income payments.[2]  Because the decision of the Commissioner of Social Security lacks a proper evaluation, I recommend that it be reversed and the matter remanded for further proceedings.

I.

---

[1]Michael J. Astrue became the Commissioner of Social Security.  Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, he should be substituted, therefore, for Jo Anne B. Barnhart as the defendant in this suit.

[2]This matter comes before the undersigned pursuant to the Standing Order of this court dated January 5, 1998.  See also Local Rule 6.01(c)(21).

The plaintiff, who was twenty-nine years old at the time of the administrative hearing and who has a college education, has worked primarily as a school teacher (Tr. 81, 86). She filed claims for Social Security disability benefits and supplemental security income payments, alleging that she became disabled due to polymyalgia, fibromyalgia, CFS, Epstein-Barre virus, two disc herniations with severe whole back pain, severe mixed headache disorder, severe myofascial syndrome, severe neck pain, depression, anxiety, abnormal EMG study, and constant severe pain throughout the entire body (Tr. 80). The claims were denied initially and upon reconsideration.

The plaintiff, at her request, then received a de novo hearing before an administrative law judge. The law judge stated that the plaintiff has severe impairments of lumbar degenerative disc disease, fibromyalgia, hypertension, obesity, and affective disorder (Tr. 27). She concluded that these impairments limited the plaintiff to sedentary unskilled work (id.). The law judge determined that this limitation prevented the plaintiff from performing past relevant work (id.). However, the law judge ruled that the medical-vocational guidelines directed a finding that the plaintiff was not disabled because there was other work in the national economy that the

plaintiff could perform (id.).  The Appeals Council let the decision of the law judge stand as the final decision of the defendant.

II.

A.  In order to be entitled to Social Security disability benefits and supplemental security income, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. 423(d)(1)(A), 1382c(a)(3)(A).  A "physical or mental impairment," under the terms of the Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. 423(d)(3), 1382c(a)(3)(D).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence.  42 U.S.C. 405(g).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses.  Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971).  Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence.  Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).  Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled.  However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met.  Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

B.  The administrative law judge decided the plaintiff's claim under regulations designed to incorporate vocational factors into the determination of disability claims.  See 20 C.F.R. 404.1501 et seq.  Those regulations apply in cases where an individual's medical condition is severe enough to prevent her from returning to her former employment, but may not be severe enough to prevent her from engaging in other substantial gainful

activity.  In such cases, the regulations direct that an individual's residual functional capacity, age, education and work experience be considered in determining whether the claimant is disabled.  These factors are codified in tables of rules, known as "guidelines" or "grids," that are appended to the regulations.  20 C.F.R. Part 404, Subpart P, Appendix 2.  If an individual's situation coincides with the criteria listed in a rule, that rule directs a conclusion as to whether the individual is disabled.  20 C.F.R. 404.1569.  If an individual's situation varies from the criteria listed in a rule, the rule is not conclusive as to an individual's disability, but is advisory only.  Id.

III.

The plaintiff traces her medical problems to a minor traffic accident on October 2, 1998.  The plaintiff's vehicle was struck in the rear by a car going about five miles per hour when the forward movement of a line of traffic was unexpectedly impeded (Tr. 169).  Damage was minimal, the plaintiff was restrained by a seatbelt, and the airbag did not deploy (Tr. 167, 168).

Furthermore, although the plaintiff has been seen by a number of doctors, there is little objective medical evidence showing substantial

abnormalities.  In other words, the objective medical evidence would not compel the law judge to find that the plaintiff is disabled.

However, a complicating factor in this case is that the plaintiff has been diagnosed as suffering from fibromyalgia (Tr. 256).  Notably, doctors have opined that the automobile accident triggered the fibromyalgia (Tr. 322, 436).  The law judge consequently found that the plaintiff has a severe impairment of fibromyalgia (Tr. 27).  Importantly, a hallmark of fibromyalgia is the lack of objective medical evidence.  Moore v. Barnhart, 405 F.3d 1208 (11th Cir. 2005).

On the other hand, some doctors have attributed the plaintiff's problems to her obesity (Tr. 299).  A treating rheumatologist – the type of specialist that diagnoses and treats fibromyalgia – has said that the plaintiff will not improve unless she loses weight (Tr. 302).  That doctor has also said that the plaintiff may need psychological or psychiatric counseling as it relates to her musculoskeletal complaints that date to the time of the automobile accident (Tr. 308).

Under these circumstances, the plaintiff's claims for benefits require a precise and accurate evaluation.  Thus, in light of the finding of fibromyalgia, benefits cannot be denied merely on the ground that objective

medical findings are lacking.  See Moore v. Barnhart, supra, 405 F.3d at 1211.

On the other hand, in light of the relatively minimal abnormal findings, the

plaintiff is not entitled to benefits simply because she has been diagnosed with

fibromyalgia.  Id.

The plaintiff contends, on a number of grounds, that the law

judge's evaluation of the evidence was not done properly.  Some of the

contentions have merit and warrant reversal.[3]

The plaintiff first challenges the law judge's treatment of her

mental impairment.  At the outset of this contention, the plaintiff points out

that the law judge erred twice in saying that a Global Assessment of

Functioning ("GAF") rating of 50 reflected a moderate impairment (see Tr.

23, 25).  In fact, it represents "[s]erious symptoms ... OR any serious

impairment in social, occupational, or school functioning ...." Diagnostic and

Statistical Manual of Mental Disorders (4th ed.), p. 32.  This is a rather blatant

_____

[3]It is noted that the plaintiff submitted a large volume of materials initially to the
Appeals Council.   Since those materials, which are at pages 612 to 825 of the
administrative transcript, were not before the law judge when she rendered her decision,
they are not to be considered in determining whether the decision is supported by
substantial evidence.  Falge v. Apfel, 150 F.2d 1320, 1323 (11th Cir. 1998), cert. denied,
525 U.S. 1124 (1999).  While those materials could be the basis for a motion to remand
under sentence six of 42 U.S.C. 405(g), id., the plaintiff has not made any such request in
this case.

error, which jumped out at me when I began my review in this case by reading the law judge's decision. This error, however, does not warrant reversal because the majority of the GAF ratings were in the moderate range (see, e.g., Tr. 249, 544, 545, 546, 547). Nevertheless, since it is such an obvious error, it does undermine confidence in the law judge's evaluation in this case.

The more critical error raised by the plaintiff regarding the law judge's assessment of the plaintiff's mental impairment concerns the findings on the plaintiff's limitations as to activities of daily living, social functioning, and concentration, persistence or pace. The law judge found that the plaintiff had mild limitations of activities of daily living and social interaction, a moderate limitation of maintaining concentration, and one episode of decompensation (Tr. 26).

The plaintiff persuasively argues that the law judge's finding that the plaintiff had only mild limitations of activities of daily living and social functioning is deficient. The law judge failed to provide an explanation for her findings on these matters (see id.). Moreover, the evidence indicates the contrary. Thus, as the plaintiff points out (Doc. 17, p. 16), the medical records reflect that the plaintiff isolates herself in her house and she spends her days moving from her bed to the couch, watching television, and

attempting to read about her condition.  Furthermore, the plaintiff testified to the same social isolation and lack of daily activities (Tr. 832).  Consequently, particularly since the evidence does not appear to support the law judge's findings of mild limitations of activities of daily living and social functioning, the law judge needed to provide a cogent explanation for her findings on these matters.

The Commissioner asserts, somewhat extraneously, that the law judge was not required to include notations found on the psychiatric review technique form ("PRTF") in her mental residual functional capacity assessment (Doc. 18, p. 7).  However, while the law judge no longer is required to fill out a PRTF, she must include in her decision an assessment of the areas of activities of daily living; social functioning; concentration, persistence or pace; and episodes of decompensation.    20 C.F.R. 404.1520a(e)(2), 416.920a(e)(2).  Moreover, while findings on these matters do not become part of the residual functional capacity, they are designed to structure an evaluation of an individual's mental residual functional capacity (if the sequential analysis proceeds to that point).  For example, a moderate limitation in concentration has in other cases frequently resulted in a residual functional capacity that includes a restriction to simple, routine, repetitive

work.  Similarly, a moderate restriction in social functioning has yielded a residual functional capacity that includes a restriction that the individual have no more than occasional contact with co-workers or the public.  Consequently, to the extent that the Commissioner suggests that the law judge's deficient assessment of the plaintiff's activities of daily living and social functioning does not make any difference, that suggestion is clearly wrong.

Moreover, as the plaintiff points out, the law judge failed to include in her residual functional capacity assessment any restriction arising from the finding that the plaintiff had a moderate limitation in concentration. This deficiency is not answered by a determination that the plaintiff is able to perform unskilled work.  It is not necessarily the case that people with moderate limitations in concentration can perform all types of unskilled work. That is why in cases involving such a limitation, law judges generally include a restriction to simple, routine, repetitive work in the residual functional capacity and then include that restriction in a hypothetical question to a vocational expert.

This point thus ties in with the plaintiff's second contention, which is that the law judge erred in relying upon the grids, rather than posing

a pertinent hypothetical question to a vocational expert.[4]   In the Eleventh Circuit, "[e]xclusive reliance on the grids is not appropriate either when claimant is unable to perform a full range of work at a given residual functional level or when a claimant has non-exertional impairments that significantly limit basic work skills."   <u>Francis</u> v. <u>Heckler</u>, 749 F.2d 1562, 1566 (11th Cir. 1985).

In this case, the plaintiff focuses her challenge to the use of the grids upon the second part of that test regarding non-exertional impairments. Notably, the law judge had already included postural and environmental limitations in her residual functional capacity determination.  Since these are non-exertional impairments, <u>see</u> 20 C.F.R. Part 404, Subpart P, App. 2, §200.00(e), there is already a restriction on the type of work available to the plaintiff.

Furthermore, the law judge should have included in her residual functional capacity a restriction due to a moderate limitation on concentration (or provided an adequate explanation for not doing so). The same is true with

---

[4]It is noted that a vocational expert was present at the hearing.  Inexplicably, the law judge did not ask the expert whether jobs exist in the national economy for an individual with the plaintiff's residual functional capacity.  Of course, even if she had asked the expert such a hypothetical question, the answer would be flawed due to the deficient analysis leading to the determination of the plaintiff's residual functional capacity.

respect to the areas of activities of daily living and social functioning.  These mental limitations, particularly when coupled with the postural and environmental limitations, could well constitute non-exertional impairments that significantly limit basic work skills and thus render use of the grids inappropriate.

        This conclusion is confirmed by the law judge's finding that the plaintiff has a severe impairment of an affective disorder.  The determination that the mental disorder was a severe impairment means that it significantly affects the plaintiff's ability to work.   See 20 C.F.R. 404.1520(c), 404.1521(a), 416.920(c).  This also shows that the use of the grids was inappropriate.  These circumstances warrant reversal and remand for further consideration. Phillips v. Barnhart, 357 F.3d 1232, 1243-44 (11th Cir. 2004).

        The plaintiff also raises a persuasive challenge to the law judge's credibility challenge.  The Eleventh Circuit articulated a number of years ago a standard for assessing allegations of pain and other subjective complaints. As the court of appeals explained in Landry v. Heckler, 782 F.2d 1551, 1553 (11th Cir. 1986), the pain standard "required evidence of an underlying medical condition and (1) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (2) that the

objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain." If the law judge determines that, under this test, the objectively determined medical condition does not, and could not reasonably, support the complaints of pain, then the subjective complaints cannot be the basis for a finding of disability and the law judge need not assess the credibility of the complaints of pain. Landry v. Heckler, supra; Hand v. Heckler, 761 F.2d 1545, 1549 (11th Cir. 1985). He must, however, provide an adequate explanation for the determination in order to permit, upon judicial review, an assessment whether the proper standard was applied and whether the finding is supported by substantial evidence. See, e.g., Walker v. Bowen, 826 F.2d 996, 1004 (11th Cir. 1987); Johns v. Bowen, 821 F.2d 551, 556 (11th Cir. 1987).

If, on the other hand, the law judge determines that there is objective medical evidence of an impairment which could reasonably be expected to produce disabling pain, the law judge "must evaluate the credibility of claimant's testimony as to pain, and must express a reasonable basis for rejecting such testimony." Hand v. Heckler, supra, 761 F.2d at 1549 n.6. In other words, this credibility finding must be explained. Cannon v.

Bowen, 858 F.2d 1541, 1545 (11th Cir. 1988); Walker v. Bowen, supra, 826 F.2d at 1004.

The law judge discounted the plaintiff's subjective complaints of pain primarily due to the absence of objective medical findings (Tr. 25). However, because the law judge found that the plaintiff had a severe impairment of fibromyalgia, which, as indicated, often lacks medical or laboratory signs, that is not a sufficient reason, by itself, to discount the plaintiff's complaints of pain.  See Moore v. Barnhart, supra, 405 F.3d at 1211.  The law judge also purported to rely upon the plaintiff's daily activities as a basis for discounting the plaintiff's subjective complaints (Tr. 25), and that factor would sustain the credibility determination.  Moore v. Barnhart, supra, 405 F.3d at 1212.

In this respect, the law judge stated that the plaintiff's "testimony as to her activities of daily living contraindicates ongoing pain and symptoms of the frequency, intensity, or persistence alleged" (Tr. 25).  That statement is not correct.  The plaintiff testified that just about all she does is "[s]it home" and "go from the couch to the bed" (Tr. 832).  She added that her medication makes her sleepy and that she sleeps "off and on throughout the entire 24-hour period" (Tr. 833).  While she acknowledges that she still drives, she said

that she drives "very, very little" and only "[s]hort distances" when she has to go to the store for medication (Tr. 832-33).

In short, the plaintiff's testimony does not strike me as contraindicative of the plaintiff's subjective complaints.  In light of this circumstance, the law judge needed to provide an adequate explanation for concluding otherwise.  Similarly, if the law judge thought there was evidence in the record other than the plaintiff's testimony that contradicted the plaintiff's subjective complaints, she needed to identify that evidence and provide a reasonable basis for her conclusion.

The law judge's credibility determination is therefore flawed because it gives undue weight to the lack of objective medical findings and it relies upon a mischaracterization of the plaintiff's testimony concerning her daily activities.  This error also warrants reversal and a remand.

The plaintiff's remaining argument is that the law judge did not give proper weight to the opinions of treating physicians.  Opinions from treating physicians are entitled to substantial or considerable weight unless there is good cause for not affording them such weight.  Phillips v. Barnhart, 357 F.3d 1232, 1240 (11th Cir. 2004).  Good cause exists when the treating physician's opinion is not bolstered by the evidence, the evidence supports a

contrary finding, or when the opinion is conclusory or inconsistent with the physician's own medical records.  Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997).

The plaintiff predicates this challenge on the law judge's handling of opinions by Dr. Manuel Jain and Dr. Juan L. Joy.  Significantly, these opinions are both on conclusory forms filled out to support leave under the Family and Medical Leave Act (Tr. 209, 355).  The conclusory nature of these forms would justify the law judge in discounting them.

Moreover, the law judge expressly considered Dr. Jain's form and gave it little weight because it was contrary to the doctor's own treatment records and assessment (Tr. 25).  That is a reasonable basis for discounting the conclusory form.

With respect to Dr. Joy, the form he filled out indicated that the plaintiff would be disabled for one year from the accident on October 2, 1998 (Tr. 355).  However, the plaintiff alleges a disability onset date of October 8, 1999 (Tr. 71).  Consequently, Dr. Joy's statement was not relevant and the law judge could accordingly decline to discuss it.

IV.

For the foregoing reasons, the decision of the Commissioner is unacceptably flawed.  I, therefore, recommend that the decision be reversed and remanded for further consideration.

Respectfully submitted,


THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

DATED: FEBRUARY 26, 2007

<u>NOTICE TO PARTIES</u>

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal.  28 U.S.C. 636(b)(1).