UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TONYA ALSTON,                              :
                                           :
            Plaintiff,                     :
                                           :
v.                                         : CASE No. 8:05-CV-1654-T-27TGW
                                           :
MICHAEL ASTRUE,                            :
Commissioner of Social Security,           :
                                           :
            Defendant.                     :
_____ :

## REPORT AND RECOMMENDATION

This cause came on for consideration upon the Plaintiff's

Consent Petition for Attorney Fees (Doc. 22) filed by counsel for the plaintiff

on April 13, 2007. Having considered the motion, the defendant's lack of

objection, and the pertinent factors regarding an award of attorneys' fees

under the Equal Access to Justice Act ("EAJA"), I recommend that the

plaintiff be awarded $3,413.82 in fees and expenses and $250.00 in costs for

the filing fee to be paid by the defendant.

The applicant and others represented the plaintiff in this action seeking review of a denial of Social Security disability benefits and supplemental security income payments. This matter was remanded to the Social Security Administration by order of this court dated March 19, 2007 (Doc. 20). Judgment was therefore entered in favor of the plaintiff (Doc. 21). The plaintiff then filed this motion and memorandum in support of attorneys' fees under the EAJA (Doc. 22).

The EAJA requires a court to award an attorney's fee to any party prevailing in litigation against the United States unless the court finds that the position of the United States was "substantially justified" or that "special circumstances" make such an award unjust. 28 U.S.C. 2412(d)(1)(A). In this case, the applicant has requested an award of attorneys' fees in the amount of $3,383.08, representing 2.3 hours of service before the court in 2005 at an hourly rate of $156.79, 16.05 hours of service before the court in 2006 at a rate of $161.85, and 2.6 hours of service before the court in 2007 at a rate of $163.37 (Doc. 22, p. 2). The applicant also claims expenses of $30.74, as well as reimbursement for a $250 filing fee. The plaintiff has certified that the defendant has no objection to this payment

(id. at ¶7).  Furthermore, because the defendant has not responded to the motion, it can also be assumed that the defendant has no objection to the relief requested.  See Local Rule 3.01(b).

There is no question that the plaintiff is a prevailing party.  See Shalala v. Schaefer, 509 U.S. 292, 302 (1993).  Moreover, the defendant has not suggested any basis for determining that an award of attorneys' fees would be unjust.  Consequently, the plaintiff is entitled to an award of attorneys' fees.

The claim of 20.95 hours for services performed in this case appears reasonable.  Importantly, the defendant has not challenged that claim.

As for counsels' hourly rate, the amount authorized by statute is $125.00 per hour.  28 U.S.C. 2412(d)(2)(A)(ii).  However, higher hourly rates, similar to those sought here, are commonly awarded based on a cost of living adjustment.  In light of the defendant's lack of objection, it is not necessary to reach the question of whether, if contested, the requested cost of living adjustment is warranted.  As indicated, similar cost of living adjustments have been made on fee applications where the Commissioner has raised no objection.

For the foregoing reasons, I recommend that the Plaintiff's Consent Petition for Attorney Fees (Doc. 22) be GRANTED. Accordingly, I recommend that the plaintiff be awarded the amount of **$3,413.82** in attorneys' fees and expenses to be paid by the defendant pursuant to the EAJA, and **$250.00** in costs for the filing fee to be paid by the defendant pursuant to 28 U.S.C. 2412(a)(1), (c)(1), (d)(1)(A), (B).

Respectfully submitted,

THOMAS G. WILSON

DATED: MAY 8 , 2007          UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. 636(b)(1).